**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

Kirk Waters, *et al.*,

        Plaintiffs,         Case No. 3:19-cv-372

v.         Judge Thomas M. Rose

Pizza to You, LLC, *et al.*,

        Defendants.

**ENTRY AND ORDER GRANTING PLAINTIFFS' MOTION FOR CONDITIONAL CLASS CERTIFICATION AND TO SEND NOTICE TO SIMILARLY SITUATED EMPLOYEES, ECF 4; AND DENYING DEFENDANTS, PIZZA TO YOU, L.L.C., PIZZA TO YOU 2, L.L.C., PIZZA TO YOU 3, L.L.C., PIZZA TO YOU 4, L.L.C., PIZZA TO YOU 5, L.L.C., PRM MANAGEMENT L.L.C., PETER MARROCCO AND ROSEMARY MARROCCO'S MOTION TO STRIKE CERTAIN PARAGRAPHS OF PLAINTIFF'S DECLARATIONS. ECF 16.**

This matter is before the Court on Plaintiffs' Motion for Conditional Class Certification, and to Send Notice to Similarly Situated Employees, ECF 4, and Defendants, Pizza to You, L.L.C., Pizza to You 2, L.L.C., Pizza to You 3, L.L.C., Pizza to You 4, L.L.C., Pizza to You 5, L.L.C., PRM Management L.L.C., Peter Marrocco and Rosemary Marrocco's Motion to Strike Certain Paragraphs of Plaintiff's Declarations. ECF 16.

Defendants move the Court to strike paragraphs 9, 10, 11, 14, and 19 of the Declaration of Kirk Waters, ECF 4-4, and to strike paragraphs 10, 11, 15, and 21 of the Declaration of Brian Lorenz ECF 4-3, on the grounds that the statements are not made upon personal knowledge and are inadmissible hearsay or bare assertions of the factual circumstances of non-identified

employees not acquired through the observation of the declarants.

The challenged paragraphs are:

> All of the delivery drivers who I have worked with are required to complete the same job duties as I am. They deliver food to customers, and, when there are no deliveries to complete, they complete various tasks inside the store. Waters Decl., ¶ 9; Lorenz Decl., ¶ 10.
>
> I know that other delivery drivers are also paid minimum wage minus a tip credit for all hours worked because I have talked to my co-workers and managers about this policy, and all of them have confirmed that all delivery drivers are paid a tipped wage rate. John, the general manager of my store, confirmed that all of the delivery drivers were paid a tipped wage rate for their inside work. Waters Decl., ¶ 10; Lorenz Decl., ¶ 11.
>
> Myself and all other delivery drivers who I have worked with have been required by Defendants to provide our own cars to use while completing deliveries for Defendants. Waters Decl., ¶ 11.
>
> Instead of collecting records of our actual expenses and reimbursing for them, Defendants reimburse all of the delivery drivers at a set amount for each delivery we complete, no matter how many miles the delivery takes to complete or what expenses we have to cover to complete the delivery. Waters Decl., ¶ 14; Lorenz Decl., ¶ 15.
>
> All delivery drivers at Defendants' Jet's Pizza stores were/are subject to the same or similar compensation and reimbursement policies. Waters Decl., ¶ 19; Lorenz Decl., ¶ 21.

"[A]ffidavits submitted in support of a motion for conditional certification pursuant to § 216(b) need not meet the standard set forth in Rule 56(e)." *White v. MPW Industrial Services, Inc.*, 236 F.R.D. 363, 368 (E.D. Tenn. 2006). "To require more at this stage of litigation would defeat the purpose of the two-stage analysis." Id.  "The rationale for applying a less rigorous evidentiary standard at this stage of the litigation is sound." *Combs v. Twin Group, Inc.*, No. 3:16-cv-295-TMR, 2016 WL 7230854, *3 (S.D. Ohio Dec. 2016). "Early in a case, before discovery has

2

commenced, many plaintiffs are not in a position to make the same showing to support their allegations that they would be prepared to make at trial." Id.; see also, e.g., *Hall v. U.S. Cargo and Courier Service, LLC*, 299 F. Supp.3d 888, n. 2 (S.D. Ohio 2018) (reviewing evidence presented at conditional certification stage under more lenient standard explained in *White*); *Beetler v. Trans-Foam, Inc.*, 2011 WL 6130805, *2 (N.D. Ohio Dec. 8, 2011) (same); *Waggoner v. U.S. Bancorp.*, 110 F.Supp.3d 759, n. 6 (N.D. Ohio 2015) (same).

Because Plaintiffs' declarations are submitted in support of their FLSA conditional certification motion, they need not meet all of the evidentiary requirements that exist at summary judgment or trial. The Court will consider Plaintiffs' declarations as presented. Defendants Motion to Strike Certain Paragraphs of Plaintiff's Declarations, ECF 16, will be denied.

Plaintiffs have moved the Court, pursuant to Federal Rules of Civil Procedure 26(b), 37(a), and 83(b) and Section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), for an order: conditionally certifying this case as a collective action; approving the Plaintiff's proposed notices and methods of disseminating notice; ordering Defendants to provide name and contact information for all potential class members within 14 days of the Court's order; and authorizing a 90-day opt-in period.

Plaintiff Kirk Waters filed this lawsuit on behalf of the pizza delivery drivers who work at Defendants' Jet's Pizza stores in the Dayton area. He alleges that pizza delivery drivers at Defendants' Jet's Pizza stores are all employed according to the same terms: they receive minimum wage minus a tip credit for all hours worked, they drive their own cars to deliver Defendants' pizzas, and they are not reimbursed for their actual expenses (with associated recordkeeping) or at the IRS standard business mileage rate. This reimbursement policy drops the delivery drivers'

wages below minimum wage. See *Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 5725043 (S.D. Ohio Nov. 5, 2019).

Plaintiffs seek an order conditionally certifying a collective action for unpaid overtime wages under the FLSA, 29 U.S.C. § 216(b), defined as:

> All current and former Jet's Pizza delivery drivers who worked at any location owned/operated by Defendants Pizza to You, L.L.C.; Pizza to You 2, L.L.C.; Pizza to You 3, L.L.C.; Pizza to You 4, LLC; Pizza to You 5, LLC; PRM Management LLC; Peter Marrocco; and/or Rosemary Marrocco within the three years prior to the filing of this Class Action Complaint and the date of final judgment in this matter.

ECF 4-3, PageID 99.

The collective action provisions of the FLSA, 29 U.S.C. § 216(b), authorize a trial court to issue court-supervised notice to potential class members. In *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165 (1989), the Court reasoned that the class action provision of the FLSA conferred upon trial courts the authority to manage the process of joining additional parties. 493 U.S. at 169–73. District court rulings on certifications of FLSA class actions are reviewed for an abuse of discretion. *White v. Baptist Memorial Health Care Corp.*, 699 F.3d 869, 873 (6th Cir. 2012).

There is a two-tiered process for notice to an FLSA class: first a conditional certification stage, followed by a decertification stage after the close of discovery. Id. In the conditional certification stage, a plaintiff's burden is to show the existence of other employees who appear to be similarly-situated in both their job duties and the employer's treatment of their entitlement to overtime pay. See, e.g., *Theissen v. General Electric Cap. Corp.*, 267 F.3d 1095, 1103 (10th Cir. 2001); *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995). This determination is distinct from the merits of the named plaintiffs' claims. *Theissen*, 267 F.3d at 1106–07. In the

conditional certification stage, a liberal standard for measuring similarly-situated employees is used. *Hipp*, 252 F.3d at 1208; accord *Mooney v. Aramco Services Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995) ("lenient standard").

In the instant case, Plaintiffs have brought their unpaid wage claims individually and on behalf of similarly situated employees, seeking conditional certification of and notice to members. The allegations in the Complaint and Plaintiffs' declarations agree that Defendants staff share similar primary job duties and responsibilities and are alleged to be victims of the same policy, decision and practice to deny them overtime pay.

Notice must be "timely, accurate, and informative." *Hoffmann-La Roche*, 493 U.S. at 172. Plaintiffs' proposed Notice and Consent to Join form is accurate and informative. Both the proposed Notice and Consent to Join form advises putative collective members of the pending litigation, describes the legal and factual bases of Plaintiffs' claims, informs collective members of the right to opt in and that participation in the lawsuit is voluntary, and provides instructions on how to opt in. See ECF 4-3.

In order to accurately, efficiently, and quickly facilitate the Court-authorized Notice and Consent to Join form, the Court orders Defendants to produce to Plaintiffs' counsel a list of all putative class members, including their names, positions of employment, last-known mailing addresses, last-known telephone numbers, email addresses, work locations, and dates of employment. Defendants are to provide this information to Plaintiffs' counsel within 14 days of the Court's Order granting this Motion.

Defendants Motion to Strike Certain Paragraphs Of Plaintiff's Declarations, ECF 16, is **DENIED.** Plaintiffs' Motion for Conditional Class Certification, and Court-Supervised Notice

to Potential Opt-In Plaintiffs, ECF 4, is **GRANTED**.   Plaintiffs' proposed FLSA class is **CONDITIONALLY CERTIFIED** as a collective action; Plaintiff's proposed notices and methods of disseminating notice are **APPROVED**, and a 90-day opt-in period is **AUTHORIZED**.   Plaintiffs' proposed Notice of FLSA claim, ECF 4-3, is **APPROVED**. Defendants are **ORDERED** to provide name and contact information for all potential class members within 14 days of the Court's order.

  **DONE** and **ORDERED** in Dayton, Ohio, this Monday, March 9, 2020.


                 s/Thomas M. Rose
               _____
                 THOMAS M. ROSE
             UNITED STATES DISTRICT JUDGE