**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT DAYTON**

Kirk Waters, *et al.*,

                    Plaintiffs,                     Case No. 3:19-cv-372

v.                                         Judge Thomas M. Rose

Pizza to You, LLC, *et al.*,

                    Defendants.

---

**ENTRY AND ORDER GRANTING IN PART MOTION TO COMPEL DISCOVERY RESPONSES, ECF 62, AND GRANTING MOTION FOR EXTENSION OF TIME TO FILE RESPONSE/REPLY AS TO MOTION FOR SUMMARY JUDGMENT. ECF 64.**

---

This matter is before the Court on Plaintiff's Motion to Compel Discovery Responses, ECF 51, and Plaintiffs' Motion for Extension of Time to File Response/Reply as to Motion for Summary Judgment. ECF 64. Defendants Pete Marrocco and PRM Management, LLC have moved for summary judgment, asserting that Pete Marrocco is not an "employer" under the Fair Labor Standards Act and relevant Ohio wage and hour laws. ECF 51. Plaintiff Kirk Waters claims a need for discovery and extra time to respond to this motion.

**Background**

Plaintiff alleges that Defendants, owners and operators of five Jet's Pizza stores, have systematically violated the FLSA and state wage and hour laws by failing to properly reimburse their delivery drivers for automobile expenses incurred in the course of doing their job. The Court has certified a Rule 23 class under Ohio law. On May 7, 2021, the Court granted partial summary

judgment to Plaintiff, holding that Defendants were required to either record and reimburse for all of the delivery drivers' actual automobile expenses, or reimburse at the IRS rate. Doc. 53.

The parties presently contest whether each of the Defendants qualify as the delivery drivers' "employer" under the FLSA and state wage and hour laws. Plaintiff has requested emails and text messages to and from Mr. and Mrs. Marrocco and their Jet's Pizza stores relating to the entity defendants and/or the Defendants' Jet's Pizza stores. See Plaintiff's Second Requests for Production, Request 22 ("Communications Discovery Requests") ECF 62-1. Defendants responded that Plaintiff's requests are "[i]rrelevant to any claim or defense in the matter and privileged under Fed. R. Evid. 501 and Ohio R.C. 2317.02(D)." See Responses, ECF 62-2.

Defendants identify the General Manager for all five stores as Jake Kogelman. See, response to interrogatory number 2, Doc. 34-1, PageID 307. Defendants assert the deposition of Rosemary Marrocco established that Jake Kogelman, as the General Manager, oversees the operations of all pizza stores. Doc. 34-2, PageID 319, Depo. At 26, lines 14-16. According to Defendants, Kogelman handles oversight and the day-to-day operations of the stores. Doc. 34-2, PageID 320, Depo. at 30, lines 21-24. Defendants further assert that, to the extent Rosemary Marrocco communicates with Jake Kogelman concerning any of the stores, she does so through a personal email account, Petem56@comcast.net, and does so with Jake Kogelman at kogelman@gmail.com. Doc. 34-2, page ID 327, Depo. at 60 at lines 17-25.

Thus, Defendants have suggested that they produce only emails to and from Jake Kogelman, the general manager of their Jet's Pizza operation. In the alternative, Defendants suggested the parties agree to search terms.

**Standard**

2

The scope of discovery as set out in the Federal Rules of Civil Procedure provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "Court[s] ha[ve] the duty to deny discovery directed to matters not legitimately within the scope of Rule 26, and to use its broad discretionary power to protect a party or person from harassment or oppression that may result even from a facially appropriate discovery request." *Ward v. Am. Pizza Co.*, 279 F.R.D. 451, 458 (S.D. Ohio 2012) (citing *Herbert v. Lando*, 441 U.S. 153, 177 (1979)). Moreover, "district courts have discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Info Hold, Inc. v. Sound Merchandising, Inc.*, 538 F.3d 448, 457 (6th Cir. 2008) (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc*., 474 F.3d 288, 305 (6th Cir. 2007)).

As a result, "[i]n determining the proper scope of discovery, a district court balances a party's 'right to discovery with the need to prevent 'fishing expeditions." *Marsden v. Nationwide Biweekly Admin., Inc.*, No. 3:14CV00399, 2016 WL 471364, at *1 (S.D. Ohio Feb. 8, 2016) (quoting *Crabbs v. Scott*, No. 2:12-CV-1126, 2013 WL 4052840, at *1 (S.D. Ohio Aug. 9, 2013)). "Restoring proportionality' is the touchstone of revised Rule 26(b)(1)'s scope of discovery provisions." *Siriano v. Goodman Mfg. Co., L.P.*, No. 2:14-cv-1131, 2015 WL 8259548, at *5 (S.D. Ohio Dec. 9, 2015) (citing Fed. R. Civ. P. 26(b)(1)).

With a motion to compel discovery, the moving party "bears the initial burden of proving that the information sought is relevant." *H.H. v. G6 Hospitality, LLC*, Nos. 2:19-cv-755, 2:19-

cv849, 2021 WL 1711297, at *2 (S.D. Ohio Apr. 30, 2021) (quoting *Gruenbaum v. Werner Enter., Inc.*, 270 F.R.D. 298, 302 (S.D. Ohio 2010)). If the moving party meets this initial burden, "then the burden shifts to the non-movant to show that to produce the information would be unduly burdensome." Id. (quoting *Prado v. Thomas*, No. 3:16-CV-306, 2017 WL 5151377, at *1 (SD. Ohio Oct. 19, 2017)).

**Analysis**

Under the FLSA, both companies and individuals can be "employers," and, thus, liable for any wage and hour violations. 29 U.S.C. 203(a) and (d):

> In the Sixth Circuit, being the "top man" at a corporation that functions for an individual's profit is sufficient to impose FLSA liability. *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 966, (6th Cir. 1991). This is true even when an individual employer alleges that other, lower members of management made day-to-day operational decisions.

*Hatmaker v. PJ Ohio, LLC*, No. 3:17-cv-146, 2019 WL 1367663, at *4 (S.D. Ohio Mar. 26, 2019).

The FLSA, 29 U.S.C. § 203(d), defines an "employer" to include "any person acting directly or indirectly in the interest of the employer in relation to the employee." See *Dole v. Elliot Travel & Tours, Inc.*, 942 F.2d 962, 965 (6th Cir. 1991). More than one "employer" can be simultaneously responsible for FLSA obligations. Id. "The remedial purposes of the FLSA requires the courts to define 'employer' more broadly than the term would be interpreted in traditional common law applications." Id. The question of "[w]hether a party is an employer within the meaning of the FLSA is a legal determination." Id

"[T]he test to be applied in determining whether a person is an 'employer'

responsible for FLSA obligations is one of 'economic reality,' rather than "common law concepts of agency." *Fegley v. Higgins*, 19 F.3d 1126, 1131 (6th Cir. 1994). Under this "economic reality test," a corporate officer who has operational control of the corporation's covered enterprise is an 'employer' under the FLSA, along with the corporation itself." *U.S. Dep't of Labor v. Cole Enterprises, Inc.*, 62 F.3d 775, 778 (6th Cir. 1995). More specifically, "[o]ne who is the chief executive officer of a corporation, has a significant ownership interest in it, controls significant functions of the business, and determines salaries and makes hiring decisions has operational control and qualifies as an 'employer' for the purposes of FLSA." Id.

Determining whether a person is an "employer" under the FLSA necessarily involves an inquiry into an alleged employer's relationship with the company and its employees. This question is determined by the specific facts of each case. See *Keeton*, 2011 WL 2618926, at *2. The determination of an "employer" under the FLSA involves a broad analysis that is determined by the totality of the circumstances. See, e.g., *Martin v. W.E. Monks Co.*, 805 F. Supp. 500, 502 (S.D. Ohio 1992).

In determining whether a party is an employer, "[n]o one factor is dispositive; rather, it is incumbent upon the courts to transcend traditional concepts of the employer-employee relationship and assess the economic realities presented by the facts of each case." *Dole*, 942 F.2d at 965. "The 'economic realities' test is multi-factored and a loose formulation, resulting in a case-by-case resolution based

on the totality of the circumstances." *Keeton*, 2011 WL 2618926, at *2.

Under nearly identical circumstances in *Hatmaker v. PJ Ohio, LLC*, this Court held, "[b]ecause it is Defendants' position that [the individual defendants] are not liable under the FLSA, the emails are relevant to prove that the individual defendants had sufficient operational control to violate wage and hour laws." Id., No. 3:17-cv-146, 2020 U.S. Dist. LEXIS 178298, at *3-4 (S.D. Ohio Sept. 28, 2020) (compelling the production of all relevant emails in the individual defendants' email mailboxes in a similar pizza delivery driver case).

Plaintiff contends that Defendants are individually liable as "employers" under the FLSA. Plaintiff alleges that Pete Marrocco is the owner and operator of all Defendant entities and exerts significant control over the operations of Defendants' Jet's Pizza stores (Complaint, Doc. 1 at ¶¶ 75-91). Likewise, Plaintiff alleges that Rosemary Marrocco is the owner and operator of all Defendant entities and exerts significant control over the operations of Defendants' Jet's Pizza stores (Complaint, Doc. 1 at ¶¶ 92-108). Defendants, on the other hand, dispute that Pete Marrocco qualifies as an "employer."

The majority of emails between Jake Kogelman and third parties, copy "petem56@comcast.net," who, in an email dated June 25, 2018, Jake Kogelman referred to as "Pete." Declaration of Nathan Spencer ("Spencer Decl."), Doc.65-1 at ¶ 6. Of the emails produced, only a few of them were received from Pete Marrocco. Id. at ¶ 7 All emails from the Marraccos relating to the pizza stores are thus relevant.

6

The FLSA "employer" analysis inherently includes any communications to or from an alleged individual employer and the companies' employees and certain third parties. Obviously, the content of the emails is relevant to the question of an individual's status as an "employer." But, so too is the existence of emails going to and from an individual employer. The existence of such emails, regardless of the emails' content, helps to establish a relationship between the individual and the company. The fact that the Individual Defendants sent an email to employees or relevant third parties is pertinent to determining whether they are employers under the FLSA. For this reason, communications (including emails) to or from Pete Marrocco and Rosemary Marrocco from and to employees and third parties are relevant.

Defendants object on the basis these requests are irrelevant and privileged, and propose using search terms to narrow the request. Rule 26(b)(1) instructs the Court to resolve proportionality considering: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." Id.

"Proportionality and relevance are 'conjoined' concepts; the greater the relevance of the information in issue, the less likely its discovery will be found to be disproportionate." *Kozak v. Office Depot, Inc.*, No. 16-cv-943, 2020 WL 913750, *4 (W.D.N.Y. Feb. 24, 2020). Here, the communications pertain to a core issue in

this case—whether Peter Marrocco is personally liable as an "employer" under the FLSA. Communications from an alleged employer to employees and third parties assist the employer determination. Emails and text messages from Marrocco to his subordinate managers are relevant because they show the extent of his role in the operations of each Defendant entity.

One of the key effects of the FLSA's inclusion of individuals under the FLSA's broad definition of "employer" is that a company cannot use a corporate shield or bankruptcy to walk away from minimum wage obligations. In situations where a company's finances are on shaky footing, holding corporate officers and owners liable is as important as proving the underlying claims. Plaintiff asserts his best chance for collecting even a portion of their unpaid wages may rest on holding the Individual Defendants liable as employers. Thus, it is important to determine who is liable for any potential judgment in this case. Accordingly, the issue of who will be liable is important in this lawsuit, as is the discovery related thereto.

The second factor is the amount in controversy. While there is no precise calculation of damages, based on the information available, Plaintiff estimates millions of dollars in damages are at stake in this case.

As to the Parties' relative access to relevant information, Defendants appear to have sole access to this information. This factor supports Defendants' production of each Individual Defendants' emails.

The "inequality in the parties' resources" factor also favors Plaintiff. Plaintiff and the Rule 23 class are a group of low-wage pizza delivery drivers.

Defendants run a restaurant operation. Defendants own five Jet's Pizza stores. Thus, the parties' relative resources support a finding that the discovery sought is proportional.

Next, the Court considers whether the burden or expense of the proposed discovery outweighs its likely benefit. The parties dispute whether Marrocco qualifies as an "employer." This appears to be a central issue in this case. The FLSA recognizes the value of this distinction because it holds "employers" liable. In this context, communications from an alleged employer to employees and third parties are relevant to the economic reality factors. Further, the fact that communications even exist is pertinent to the employer question. The benefit of this information is significant, and its burden is insignificant in light of the issues at stake.

All six factors weigh in favor of a review and production of each Individual Defendant's emails. Thus, the will Court compel Defendants to produce responsive emails.

Finally, Defendants assert that the spousal communication privilege "protects information privately communicated between a husband and wife in the confidence of a valid marital relationship." *United States v. Walton*, No. 91-5064, 1991 WL 209480, at *5 (6th Cir. Oct. 17, 1991) (citing *Trammel v. United States*, 445 U.S. 40, 51 (1979)); see also *United States v. Porter*, 986 F.2d 1014, 1018 (6th Cir. 1993) ("The confidential marital communications privilege excludes confidential communications made by one spouse to the other during the marriage.").

9

As Plaintiff points out, spousal privilege does not apply in this case because Pete and Rosemary Marrocco used a joint email account, and thus were not communicating with one another directly. (Pl.'s Mot. to Compel, at 4). However, Plaintiff's Request for Production seeks "[a]ll emails and text messages sent to/from Peter Marrocco and/or Rosemary Marrocco[.]" (Id., Ex. 1, p. 14). The request for text messages does seek confidential correspondence between Pete and Rosemary Marrocco, and the production of these will be denied.

Plaintiff's Motion to Compel Discovery Responses, ECF 62, is **GRANTED IN PART**. The Individual Defendants must produce their work emails related to the operation of Defendants' Jet's Pizza operation. Text messages between Pete and Rosemary Marrocco are exempt from this order.

Also before the Court is Plaintiff's Motion for Extension of Deadline to File Response to Defendants Peter Marrocco and PRM Management, LLC's Motion for Summary Judgment Doc. 64. This motion is unopposed. Doc. 66. Because Plaintiff required resolution of the Motion to Compel to respond to Defendants' Motion for Summary Judgment, this motion will also be granted. Plaintiff's Motion for Extension of Deadline to File Response to Defendants Peter Marrocco and PRM Management, LLC's Motion for Summary Judgment, Doc. 64, is **GRANTED**.   Plaintiff is granted until January 14, 2022 to file a response to the pending motion for summary judgment.

**DONE** and **ORDERED** in Dayton, Ohio, this Thursday, November 18, 2021.


s/Thomas M. Rose

_____
THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE