# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Kirk Waters, | |
| *On behalf of himself and those similarly situated*, | Case No. 3:19-cv-372 |
| Plaintiff, | Judge Thomas M. Rose |
| v. | |
| Pizza to You, L.L.C., *et al.*, | |
| Defendants. | |

SETTLEMENT AGREEMENT

This Settlement Agreement (the "Agreement") is entered into by and between Plaintiff, Kirk Waters ("Plaintiff"), individually and on behalf of all similarly-situated individuals identified in Section 1(B) below and, on the other hand, Defendants Pizza to You, L.L.C.; Pizza to You 2, L.L.C.; Pizza to You 3, L.L.C.; Pizza to You 4, LLC; Pizza to You 5, LLC; PRM Management LLC; Peter Marrocco; and Rosemary Marrocco (collectively "Defendants"). Defendants and Plaintiff will be collectively referred to as the "Parties."

The Parties agree as follows:

1. **Purpose and Background**

   A. On November 22, 2019, this lawsuit, captioned *Waters v. Pizza to You, L.L.C., et al.* (the "Lawsuit"), was filed, and is currently pending in the United States District Court, Southern District of Ohio (Western Division) (the "Court"), case number 3:19-cv-372.

   B. The Parties seek to resolve all claims raised in the Lawsuit. For purposes of this Agreement, the Parties have agreed to the following settlement class:

      All current and former delivery drivers employed from November 22, 2016 to August 31, 2020 at Defendants' Jet's stores. These individuals are collectively referred to as "the Class" and individually as "Class Members."

1

"Defendants' Jet's stores" includes the following locations:

1. 5843 Far Hills Ave., Dayton, Ohio 45429;
2. 2418 Esquire Drive, Beavercreek, Ohio 45431;
3. 228 West Central Ave., Springboro, Ohio 45066;
4. 6241 Old Troy Pike, Huber Heights, Ohio 45424;
5. 3979 Indian Ripple Road, Beavercreek, Ohio 45440.

C. The "Class Period" is from November 22, 2016 to August 31, 2020. The "Opt-in Subclass" consists of all individuals who filed their Consent to Join form with the Court on or before December 3, 2021.

D. The purpose of this Agreement is to conclusively and finally resolve all of Plaintiff's and Class Members' claims against Defendants that were raised as part of the Lawsuit and occurred during the Class Period.

E. The Parties agree and understand that this Agreement is part of a global settlement, and that this Agreement is neither valid nor enforceable unless the Court enters a written Order approving this Agreement. If the Court does not finally approve this Agreement, then this Agreement is null and void.

## 2. Opportunity to Negotiate, Consider, and Consult with Counsel

A. The terms of this Agreement are the product of lengthy, arms-length negotiations between the Parties. The negotiations included a private mediation with Stephen Calardo on November 17, 2021.

B. The Parties agree that the consideration given to support the obligations under this Agreement is adequate and sufficient in all respects and that the Parties have not made, received, or been made any promise, inducement, or concession not set forth in this Agreement in support of the obligations imposed.

C. The Parties acknowledge that they have been represented by counsel throughout the negotiation of this Agreement and the Lawsuit.

## 3. Settlement and Disbursement

A. To settle the Action, and in consideration of the release of claims and dismissal of the Action, Defendants agree to pay $1,500,000 (the "Settlement Fund"). The Settlement Fund accounts for all payments and claims raised in the Lawsuit by Plaintiff and Class Members, including, but not limited to, those for all reimbursements, unpaid wages, liquidated damages, interest, attorneys' fees, expenses, claims administration fees, and service awards, up to and including the end of the Class Period, and, with the exception

possibility of additional liability pursuant to Section 3.G. of this Agreement, constitutes the Defendants' maximum payment under this Agreement.

B. The parties will retain a third-party claims administrator (the "Administrator") to facilitate disbursement of the settlement notice, establish a Qualified Settlement Fund ("QSF"), to facilitate the settlement payments, and to take reasonable steps to determine updated addresses for Class Members. The costs associated with settlement administration will be paid to the Administrator from the Settlement Fund. Defendants will provide necessary data, including hours worked for all Class Members, last known addresses, telephone numbers, email addresses, and social security numbers, to the Administrator and to Plaintiff's Counsel to calculate award amounts and to facilitate the settlement.

C. The Settlement Fund will be divided in the following way:

    i. First, any amounts awarded for attorneys' fees, expenses, administration expenses, and service awards will be subtracted from the Settlement Fund. The remaining amount is the "Net Settlement Fund."

    ii. Second, the Net Settlement Fund will be distributed as follows:

        a. Each Class Member's individual award amount will be equal to the Class Member's prorated share of the Net Settlement Fund based on their number of hours worked during the Class Period. However, no Class Member shall receive a total of less than $20.00.

        b. The exception is that the hours worked by the Opt-in Subclass members will count as 1.25x. The intent of this distribution method is to recognize that the Opt-in Subclass members potentially preserved more of their claims.

D. The Settlement Fund will be disbursed in two installments as follows:

    i. Within 40 days of the Court granting final approval of this Settlement Agreement, or by June 1, 2022, whichever date is later, Defendants will pay $750,000 to the QSF.

    ii. Within 14 days of Defendants paying the first $750,000 into the QSF, the Administrator will mail Plaintiff, each Class Member who does not exclude themselves, and Class Counsel the first half of the amount due to them according to the formula explained in ¶ 3.C.

    iii. On or before June 1, 2023, Defendants will pay $750,000 to the QSF.

iv. Within 14 days of Defendants paying the second $750,000 into the QSF, the Administrator will mail Plaintiff, each Class Member who does not exclude themselves, and Class Counsel the second half of the amount due to them according to the formula explained in ¶ 3.C.

v. All amounts disbursed will be by check directed to each Class Member. Checks may be cashed or negotiated within 180 days of being issued. After 180 days, the check will be void. The face of each check will contain the following language: "Void after 180 days."

vi. For purposes of this Settlement, two-thirds of each Class Member's individual settlement amount shall be treated as expense reimbursement payments for tax purposes. The remaining one-third of each Class Member's individual settlement amount shall be treated as damages or liquidated damages for tax purposes. The Claims Administrator will issue a Form 1099 for the amounts allocated as damages. No part of the settlement payments represent fines or penalties.

vii. At any point until June 15, 2024, any Class Member may request that the Administrator reissue his or her check or checks. If the check has not yet been returned as undeliverable to the Claims Administrator at the time a Class Member requests that a check be reissued, the Claims Administrator will void the original check and reissue a new check to the Class Member, with the costs associated with voiding the check deducted from the Class Member's reissued check. If the check has been returned as undeliverable to the Claims Administrator at the time the Class Member requests that the check be reissued, the Administrator will reissue the check at no cost to the Class Member. The requesting Class Member may make their request by phone, email, U.S. mail, or through Class Counsel. The Administrator will then reissue the Class Member's check, which will be printed with release language, to him or her. To the extent any check is re-issued by the Claims Administrator on or before June 15, 2024, the check may be cashed or negotiated within 180 days of being re-issued.

viii. If there are any unclaimed funds still held in trust as of December 12, 2024 (180 days after June 15, 2024), those funds will revert to Defendant Companies.

E. The Parties are responsible for ensuring their own proper tax treatment of the payments. In addition to the Settlement, Defendants will be responsible for their own portion of employer taxes (*e.g.*, FICA, FUTA, unemployment insurance), if any, arising from this Agreement. The Parties also agree and understand any payments under this Agreement are not intended to, will not form the basis for, nor shall they be considered wages for calculating, or re-calculating, additional contributions to, or benefits under, any benefit or compensation plans maintained by the Defendants for the benefit of their employees and their employees' beneficiaries.

F.  Defendants will, from the Settlement, pay to Plaintiff $10,000 as a service award, subject to Court approval. This amount will come from the Settlement and will count toward the maximum amount of the Settlement. The service award will be payable by a separate check and will be considered as Form 1099 income.

G.  The Court shall retain continuing jurisdiction over the Settlement. In the event that Plaintiff, Class Counsel, and/or Class Members believe he/they must petition the Court to enforce, implement, or interpret this Agreement and/or if Defendants fail to make one or more payments as outlined above, Plaintiff and Class Members may notify Defendants of the issue. Defendants will then have 14 days to cure the failure or issue. If Defendants do not cure the failure or issue, Plaintiff, Class Counsel, and/or Class Members can request from the Court an entry of judgment against Defendants jointly and severally for the amount suffered as a result of the breach of the Settlement Agreement (including approved attorneys' fees) plus applicable interest. Further, in the event they prevail, Plaintiff, Class Counsel, and/or the Class Members will be entitled to recover reasonable attorneys' fees and costs associated with obtaining such a judgment and its enforcement.

H.  All payments set forth in this Section 3 are subject to Court approval of the Settlement (including responses to any objections or inquiries in response to the CAFA notice).

I.  Defendants' agreement to make these payments does not constitute an admission by them that the reimbursement amount calculated as part of this settlement is legally mandated or required. Defendants maintain their position that at all times they have paid a legally adequate reimbursement to the Class Members and that at all times Class Members have been paid the appropriate wage for all hours worked and that the under reimbursement and dual job claims are therefore without merit and liquidated damages are not warranted. By agreeing to the settlement and the amounts set forth in the agreement, Defendants do not agree with and expressly deny all liability and damages and reject Plaintiff's methodology of calculating alleged damages.

**4.  Attorneys' Fees and Expenses**

A.  Defendants agree not to object to an attorneys' fee award equal to or less than one-third of the Settlement ($500,000). In addition, Defendants agree not to object to Class Counsels' anticipated request for reimbursement of litigation expenses and administration expenses. These amounts will be subtracted from the Settlement Fund after any award for attorneys' fees.

B.  This Agreement is not contingent on the Court approving the amount of attorneys' fees and costs noted above. In the event that the Court does not approve the above amount of attorneys' fees and costs or reduces that amount, the finding will not be a basis for rendering any unrelated section of the Agreement null, void, or unenforceable. Class Counsel retain their right to appeal any decision by the Court regarding the attorneys' fees and costs and such appeal will not be deemed an appeal of this Agreement or the

Settlement. The merits and substance of the Settlement will be approved by the Court separately and independently of the Court's decisions regarding Class Counsel's application for attorneys' fees and costs.

C. As noted above, the parties will retain a third-party Administrator to facilitate disbursement of the settlement notice, to facilitate the payments described above, to establish a Qualified Settlement Fund, and/or hold money in trust. The Claims Administrator's costs will be deducted from the Settlement Fund prior to calculation of the Class Members' awards, subject to Court approval. The Claims Administrator and Class Counsel will be authorized to take all reasonable steps to obtain up-to-date mailing addresses for Class Members, including but not limited to processing Class Member names through a skip-tracing database, calling or emailing Class Members when their Notices and/or settlement checks are returned as undeliverable without a forwarding address, or taking other reasonable steps.

## 5. Release

A. The term "Released Parties" includes Defendants and all related entities, along with all their predecessors, successors, parents, subsidiaries, franchisors, insurers, affiliates, owners, members, stockholders, officers, directors, employees, partners, shareholders, agents, legal representatives, affiliates, insurance carriers and all persons acting by, through, under or in concert with them. Nothing in this Release shall be construed as a waiver or release of Defendants' claims against any third-parties/non-parties to this action.

B. Each Class Member who does not opt-out of the Settlement and cashes or otherwise negotiates his or her check releases all wage and hour claims accrued from November 22, 2016 until August 31, 2020 relating to the facts asserted in the Lawsuit that were made against Defendants or the Released Parties, including claims relating to the under-reimbursement of delivery expenses, "dual jobs" claims, overtime claims, and tip credit notice claims, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest, that could be pursued under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* the wage and hour laws of Ohio and any applicable state, local or municipal law or regulation, whether known or unknown; any and all claims for breach of contract relating to the facts asserted in this Lawsuit; any and all claims for unpaid or underpaid employee expense reimbursement relating to the facts asserted in this Lawsuit; any and all claims for unjust enrichment relating to the facts asserted in this Lawsuit; and any and all derivative claims relating to unpaid wages or minimum wage compensation against the Defendants or Released Parties relating to the facts asserted in this Lawsuit.

C. Each Class Member who does not opt-out of the Settlement releases all wage and hour claims accrued from November 22, 2016 until August 31, 2020 relating to the facts asserted in the Lawsuit that were made against Defendants or the Released Parties, including claims relating to the under-reimbursement of delivery expenses, "dual jobs" claims, overtime claims, and tip credit notice claims, including any related claims for liquidated damages,

penalties, attorneys' fees and costs, and interest, that could be pursued under the wage and hour laws of Ohio and any applicable state, local or municipal law or regulation, whether known or unknown; any and all claims for breach of contract relating to the facts asserted in this Lawsuit; any and all claims for unpaid or underpaid employee expense reimbursement relating to the facts asserted in this Lawsuit; any and all claims for unjust enrichment relating to the facts asserted in this Lawsuit; and any and all derivative claims relating to unpaid wages or minimum wage compensation against the Defendants or Released Parties relating to the facts asserted in this Lawsuit.

D. The back of each settlement check issued to Class Members will contain the following release:

> By cashing or negotiating this check, and in exchange for the value I am receiving through receipt of this check, I agree to join the lawsuit *Waters v. Pizza to You, L.L.C., et al.*, No. 3:19-cv-00372 (the "Lawsuit") and agree to be bound to the Settlement and Release Agreement in the Lawsuit. I irrevocably and unconditionally waive, release, extinguish, acquit, and forever discharge any claim I may or might have against Defendants or any of the Released Parties (as defined by the Settlement and Release Agreement) for the wage and hour claims that were asserted in the Lawsuit relating to under-reimbursement of delivery expenses, "dual jobs" claims, overtime claims, and tip credit notice claims, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and under the federal Fair Labor Standards Act and parallel state and local wage and hour laws, including Ohio law.

## 6. Administration Procedure and Timeline

The Parties agree to the following timeline for the completion of the settlement process and dismissal of the Action:

A. Settlement Approval: Plaintiff will draft a Motion for Preliminary Settlement Approval and file it on or before January 31, 2022.

B. Production of Class Data: Within 14 days of the Court's preliminary approval of the Settlement, Defendants will transmit to Class Counsel and the Claims Administrator the last known addresses, email addresses, phone number, social security number, and hours worked for each Class Member.

C. Notice: Within 14 days of Defendants transmission of the above information, the Claims Administrator will transmit the Notice of Settlement (Ex. 1) to each Class Member by regular U.S. Mail and Electronic Mail (to the extent that email addresses are reasonably available). Upon reasonable request, Class Counsel may provide additional copies of the

Notices to a requesting Class Member in the format most convenient for the Class Member (*i.e.*, U.S. Mail, Email, Fax, etc.).

D. <u>Opt-out/Objection:</u> Each Class Member will have 60 days from the date the Administrator mails the above Notices in which to opt-out of the settlement or object to the settlement. This 60-day time period is the "Notice Period."

E. <u>Opting Out:</u> Any Class Member that wishes to exclude him or herself from this settlement may do so by submitting the request in writing within the Notice Period to Class Counsel. The request must include the following: (1) the Class Member's name, (2) the Class Member's signature, (3) the date signed, (4) a statement to the effect of "I wish to opt out of the settlement in *McConnell v. EUBA Corp., et al.*," and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement."

F. <u>Objecting:</u> Any Class Member that wishes to object to the settlement may file their objection, along with any supporting briefs and supporting documents, with the Clerk of Court within the Notice Period. The objection must include a written statement (1) objecting to the settlement, (2) setting forth the objection's grounds, (3) setting forth the specific reasons for the objection, including any legal or evidentiary support for the objection, (4) stating whether the Class Member intends to appear and object to the settlement at the Final Approval Hearing, and (5) containing the Class Member's name, address, and telephone number. The Class Member must sign and date the objection. Class Members who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. The Class Member must send a copy of all of these items to Class Counsel, the Administrator, and Defendants' Counsel, unless the items are filed with the Clerk of Court on the public record. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and will be forever foreclosed from making any objection to the proposed settlement.

G. <u>Motion for Final Approval:</u> Within 45 days of the close of the Notice Period, Plaintiff will draft and file a Motion for Final Settlement Approval.

H. <u>Payment Calculation:</u> Within 14 days of the Court's Order granting Final Settlement Approval, the Administrator will calculate amounts due to Class Members under the Agreement in light of the Court's Order on fees, expenses, and other amounts to be deducted from the Settlement and provide this calculation to Class Counsel and Defendants' Counsel. Class Counsel and/or Defendants' Counsel will promptly provide the Administrator with any corrections or changes to those calculations.

I. <u>Funding of the QSF:</u> As described in ¶ 3.D. above, Defendants will make the first of two $750,000 payments to the QSF on the later of 40 days after Final Approval or June 1, 2022,

whichever is later. Defendants will make the second of two $750,000 payments to the QSF on or before June 1, 2023.

J. <u>Settlement Payments</u>: As described in ¶ 3.D. above, within 14 days of receiving Defendants' first payment to the QSF, the Administrator will issue checks to Class Members, Plaintiffs, and Class Counsel for half of the amount due to them under the Settlement Agreement. Within 14 days of receiving Defendants' second payment to the QSF, the Administrator will issue checks to Class Members, Plaintiffs, Class Counsel for half of the amount due to them under the Settlement Agreement.

K. Envelopes containing a settlement check will be marked on its face with the words "Jet's Pizza Delivery Driver Settlement."

L. <u>Stipulation of Dismissal with Prejudice:</u> Within 30 days of the Administrator making the second round of payments, the Parties will submit a stipulation of dismissal with prejudice, without costs or fees. Notwithstanding the foregoing, the Court shall retain continuing jurisdiction over the Settlement.

M. <u>Undeliverable Class Member Checks:</u> If any checks are returned to the Administrator as undeliverable with a forwarding address, the Administrator will forward the payment to the forwarding address. If any checks are returned as undeliverable without a forwarding address, the Administrator and/or Class Counsel will attempt to use any reasonable means to obtain an updated address for the Class Member, such efforts including (but not necessarily limited to) running the Class Member's information through a skip-tracing, Change of Address, or other database, and contacting the Class Member to obtain an updated address. If the Administrator is able to obtain an updated address, the Administrator will forward the payment to the updated address.

**7. Communication, Defendants' Option to Revoke, and Non-Approval**

A. If 10% or more of the Class Members opt-out of this settlement, Defendants have the right to revoke the Agreement. If Defendants exercise this option, the Agreement will be rendered null and void.

B. Defendants will not (1) encourage Class Members to opt-out or (2) contact any of the Class Members regarding the terms of this Settlement and/or a Class Member's participation in the Settlement. If any inquiry by a Class Member is directed at Defendants, Defendants will (1) tell the class member that they are not permitted to discuss the settlement with the class member and (2) direct the class member to call Class Counsel and provide contact information for Class Counsel. Acceptable contact information is:

Attn: Pizza to You Jet's Settlement
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515

Cincinnati, OH 45236
(513) 202-0710
settlement@billerkimble.com
billerkimble.com

8. **Notice under this Agreement shall be as follows:**

**Plaintiffs' Counsel:**
Andrew Kimble
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
(513) 202-0710
settlement@billerkimble.com

**Defendants' Counsel:**
Michael W. Sandner
Pickrel Schaeffer & Ebeling Co., LPA
40 North Main St., Suite 2700
Dayton, OH 45236
Telephone: (937)223-1130
Fax: (937) 223-0339
*msandner@pselaw.com*

Either party may modify their contact information for purposes of this section (*i.e.*, name, firm name, address, or email address) by providing written notice to the other party.

9. **Defendants' Option to Revoke and Effect of Failure to Grant Approval:**

A. In the event that either (1) Defendants exercise the above option to revoke the Agreement if 10% or more of the Class Members opt-out, or (2) the Court does not approve the Agreement, then the Agreement will be rendered null and void. The Parties will make a good faith effort to resolve the matter, including any particular issues raised by the Court regarding the Settlement Agreement. Absent a negotiated resolution, the Parties will revert to their respective positions prior to the Agreement being reached.

The Parties retain their right to seek reconsideration or appellate review of any aspects of the Court's Order denying approval of the Settlement Agreement in whole or in part.

10. **Other Terms**

A. By entering into this Agreement, Defendants in no way admit to any violation of law or any liability whatsoever to Plaintiff or to the Class Members, all such liability being expressly

denied. Defendants deny and continue to deny the allegations in the Lawsuit and deny and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in the Lawsuit. Likewise, by entering into this Agreement, Defendants in no way admit to the suitability of this case for class or collective action treatment, other than for purposes of settlement.

B. No modifications or amendments to any of this Agreement's terms, conditions, or provisions may be made except by written agreement executed by all Parties. Any material changes will be subject to approval by the Court presiding over the Lawsuit.

C. This Agreement, including any exhibits, constitutes the entire agreement between the Parties, and all prior negotiations and understandings between the Parties shall be deemed merged into this Agreement.

D. This Agreement is written jointly by the Parties and may not be construed against any one party as the drafter. If any provision(s) of this Agreement are held to be illegal, invalid, or unenforceable under present or future laws, any such provision(s) will be curtailed and limited only to the extent necessary to bring it within the requirements of the law. In that event, the remainder of this Agreement will thereafter be construed and enforced as if the illegal, invalid, or unenforceable provision(s) had never comprised a part of the Agreement. The remaining provision(s) of the Agreement will continue in full force and effect and will not be affected by any illegal, invalid, or unenforceable provision(s) or by their severance. To the extent the releases contained in the Agreement are held to be illegal, invalid, or unenforceable, the Parties shall proceed as follows:

    i. The Lawsuit will resume unless: (a) a Party seeks reconsideration or appellate review of the decision denying approval of settlement, or (b) the Parties attempt to renegotiate the settlement and seek Court approval of the re-negotiated settlement.

    ii. In the event any reconsideration and/or appellate review is denied, the Parties shall have no further rights or obligations under this Agreement. The Agreement shall be void and the Parties shall revert to their position *status quo ante*.

E. The waiver by any party hereto of a breach of any provision of this Agreement will not operate or be construed as a waiver of any subsequent breach of any party, nor will any waiver operate or be construed as a rescission of this Agreement. No breach of this Agreement will permit the non-breaching party to repudiate the Agreement or refuse or fail to perform any obligations required hereunder.

F. Ohio law governs this Agreement's validity, construction, and enforceability. This Court shall retain exclusive jurisdiction to enforce the terms of this Agreement, and all Parties submit to the jurisdiction of the Court for purposes of implementing, interpreting, and enforcing the terms of the Agreement.

G. This Agreement may be executed by facsimile or electronically and in multiple counterparts, each of which will be deemed an original, but all of which together constitute one instrument.

H. The Parties agree to promptly take all actions reasonably necessary to effectuate this Agreement, including but not limited to motions to the Court for approval of the Agreement and continuance of any intervening deadlines contrary to those contemplated by the Agreement.

I. If any deadline under the Agreement falls on a Saturday, Sunday, or legal holiday, the Parties agree that the deadline will be deemed to be the next business day.

The undersigned hereby acknowledge and agree to all of the terms, conditions, and provisions of the above settlement agreement.

Kirk Waters, on behalf of himself and as Class Representative:

_____          February 2, 2022
Kirk Waters                                                   _____
                                                                          Date

On behalf of Pizza to You, L.L.C.; Pizza to You 2, L.L.C.; Pizza to You 3, L.L.C.; Pizza to You 4, LLC; Pizza to You 5, LLC; and PRM Management LLC:

_____
Name

_____          _____
Signature                                                       Date

Rosemary Marrocco, on behalf of herself, individually:

_____          _____
Signature                                                       Date

Pete Marrocco, on behalf of himself, individually:

_____          _____
Signature                                                       Date

12

G. This Agreement may be executed by facsimile or electronically and in multiple counterparts, each of which will be deemed an original, but all of which together constitute one instrument.

H. The Parties agree to promptly take all actions reasonably necessary to effectuate this Agreement, including but not limited to motions to the Court for approval of the Agreement and continuance of any intervening deadlines contrary to those contemplated by the Agreement.

I. If any deadline under the Agreement falls on a Saturday, Sunday, or legal holiday, the Parties agree that the deadline will be deemed to be the next business day.

The undersigned hereby acknowledge and agree to all of the terms, conditions, and provisions of the above settlement agreement.

Kirk Waters, on behalf of himself and as Class Representative:

_____        _____
Kirk Waters                             Date

On behalf of Pizza to You, L.L.C.; Pizza to You 2, L.L.C.; Pizza to You 3, L.L.C.; Pizza to You 4, LLC; Pizza to You 5, LLC; and PRM Management LLC:

ROSEMARY MARROCCO  "MANAGING MEMBER"
Name

_____        2/2/22
Signature                               Date

Rosemary Marrocco, on behalf of herself, individually:

_____        2/2/22
Signature                               Date

Pete Marrocco, on behalf of himself, individually:

_____        2-2-22
Signature                               Date

12

# Exhibit 1

*Waters v. Pizza to You, L.L.C.*, No. 3:19-cv-372
The United States District Court for the Southern District of Ohio

Notice of Class Action Settlement

To: All Delivery Drivers who worked at any Jet's Pizza stores owned and operated by Pizza to You, L.L.C.; Pizza to You 2, L.L.C.; Pizza to You 3, L.L.C.; Pizza to You 4, LLC; Pizza to You 5, LLC; and/or PRM Management LLC in the Dayton, Ohio area from November 22, 2016 to August 31, 2020.

**You are receiving this Notice in connection with the above-referenced lawsuit because records show that you previously worked for Defendants as a delivery driver. This notice explains the settlement of this lawsuit and your options.**

### 1. Introduction

On November 22, 2019, Kirk Waters filed a lawsuit against Pizza to You, L.L.C.; Pizza to You 2, L.L.C.; Pizza to You 3, L.L.C.; Pizza to You 4, LLC; Pizza to You 5, LLC; and/or PRM Management LLC; Rosemary Marrocco; and Pete Marrocco ("Defendants"). Mr. Waters alleges that the Defendants:

(1) under-reimbursed delivery drivers for driving expenses, and
(2) paid a tipped wage rate to delivery drivers for non-tipped work.

Plaintiff alleges that these policies violate the state and federal wage law. Defendants deny these allegations and claims, assert that they did not violate any wage and hour laws, and deny that any damages are owed.

The parties have agreed to settle these claims. Mr. Waters's principal reason for entering into the settlement agreement is that it provides a substantial cash benefit to the class of delivery drivers without the risks or delays of further litigation. The cash benefit provided under the Settlement must be balanced against the risk of a smaller recovery—or, indeed, no recovery at all—if this lawsuit proceeds, which includes the likelihood of appeals that could last many months, or even years, into the future. Defendants are entering in this Settlement to avoid the risk, uncertainty, burden, and expense of further litigation.

### 2. The Settlement's Monetary Terms

Under the Settlement, which the Court has preliminarily approved, Defendants agree to pay $1,500,000 (the "Settlement Fund") to resolve all of the claims raised in the lawsuit, including those for attorney's fees, expenses, and service awards. After deducting attorneys' fees, costs, and incentive awards, the settlement will be distributed to the Class Members in proportion with the

number of hours each individual worked for Defendants during the relevant time period. All Class Members who returned a consent to join form in this case *prior to* December 3, 2021 will have their hours counted at 1.25×.

The Settlement Award amounts for each Class Member will be distributed in two installment payments. The first payment, representing half of your award amount, will be made on or before June 15, 2022 [modified depending on date of preliminary approval order]. The second payment, representing half of your award amount, will be made on or before June 15, 2023.

**Please keep your address current with the Claims Administrator (identified below) in order to receive these payments.**

The amounts of any checks that are uncashed will be retained in the Qualified Settlement Fund until June 15, 2024. Any Class Member who fails to cash their check within 180 days of its issuance can request that their check be re-issued until June 15, 2024. Any funds not claimed before June 15, 2024 will be [to be determined].

| 3. What are my options? |
| --- |

You have the following options:

| Action You Can Take | Details |
| --- | --- |
| **Do nothing.** | If you do nothing, you will receive your share of the Settlement as described in the previous section. |
| **Opt Out from the settlement by [60 days from the date of mailing]** | If you opt out of the Settlement, you waive any benefits due to you under the Settlement. You will not, however, release any of your claims and can pursue your own individual claims against Defendants relating to the claims raised in this Lawsuit. To opt out, you can timely and properly submit an Opt-Out Notice described below. |
| **Object to the settlement by [60 days from the date of mailing].** | If you object to the proposed Settlement, in whole or in part, you may write to the Court and explain why you object. You cannot object to the Settlement unless you are a Class Member and you did not previously submit a request to opt out from the Settlement. If you object to the Settlement, you must file a written objection with the Clerk of Court's Office as described below. If you submit a written objection by _____, 2021, you may (but do not have to) attend the Settlement Fairness Hearing and, at the discretion of the Court, may speak to the Court about your objection. |

| **4. Can my employer retaliate against me if I take part in the case?** |
|---|

**The law strictly forbids any employer from retaliating against you for participating in the Lawsuit or cashing your check**. Retaliation is illegal, and you could be entitled to additional money should a court determine that the Defendants took adverse action against you because you joined this lawsuit or cashed your check. If you experience any retaliation, you should report it immediately to Class Counsel (identified below) or another attorney of your choice.

| **5. What claims are released?** |
|---|

As a Class Member, you will release your state law claims whether you cash your check or not, and will release your federal claims if you cash any of your settlement checks.

**State Law Release:** Each Class Member who does not opt-out of the Settlement releases all wage and hour claims accrued from November 22, 2016 until August 31, 2020 relating to the facts asserted in the Lawsuit that were made against Defendants or the Released Parties, including claims relating to the under-reimbursement of delivery expenses, "dual jobs" claims, overtime claims, and tip credit notice claims, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest, that could be pursued under the wage and hour laws of Ohio and any applicable state, local or municipal law or regulation, whether known or unknown; any and all claims for breach of contract relating to the facts asserted in this Lawsuit; any and all claims for unpaid or underpaid employee expense reimbursement relating to the facts asserted in this Lawsuit; any and all claims for unjust enrichment relating to the facts asserted in this Lawsuit; and any and all derivative claims relating to unpaid wages or minimum wage compensation against the Defendants or Released Parties relating to the facts asserted in this Lawsuit.

**Federal Law Release:** Each Class Member who does not opt-out of the Settlement and cashes or otherwise negotiates his or her check releases all wage and hour claims accrued from November 22, 2016 until August 31, 2020 relating to the facts asserted in the Lawsuit that were made against Defendants or the Released Parties, including claims relating to the under-reimbursement of delivery expenses, "dual jobs" claims, overtime claims, and tip credit notice claims, including any related claims for liquidated damages, penalties, attorneys' fees and costs, and interest, that could be pursued under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.,* the wage and hour laws of Ohio and any applicable state, local or municipal law or regulation, whether known or unknown; any and all claims for breach of contract relating to the facts asserted in this Lawsuit; any and all claims for unpaid or underpaid employee expense reimbursement relating to the facts asserted in this Lawsuit; any and all claims for unjust enrichment relating to the facts asserted in this Lawsuit; and any and all derivative claims relating to unpaid wages or minimum wage compensation against the Defendants or Released Parties relating to the facts asserted in this Lawsuit.

| **6. How do I opt-out of the settlement?** |
|---|

You can opt out of the settlement by requesting to be excluded from the settlement. You must do so in writing, no later than 60 days after the Claim Forms were mailed, which was _____. The request must include the following: (1) the Class Member's name, (2) the Class Member's signature, (3) the date signed, (4) a statement to the effect of "I wish to opt out of the settlement in Waters v. Pizza to You, L.L.C." and (5) a statement to the effect of "I understand that by opting out, I will receive no benefits from this settlement." You should mail the request to either Class Counsel or the Claims Administrator. Their addresses are below.

A Class Member who submits an Opt-Out Notice is not eligible to receive a share of the Settlement and will not release any claims.

You should be aware that Fair Labor Standards Act claims are limited to a two- or three-year statute of limitations, and proceeding separately, may result in some or all of your claims expiring as a matter of law. If you pursue your claims elsewhere, you may be awarded a lesser amount than your award in this settlement, a greater amount than your award, or $0.

| **7.  How do I object to the Settlement?** |
| --- |

Class Members may also object to the Settlement in whole or in part. Objections must be made in writing and filed, together with copies of all papers and briefs supporting the objection, with the Clerk of Court at the Walter H. Rice Federal Building, Room 712, 200 W. Second Street, Dayton, Ohio 45402 on or before _____.

The objection must include a written statement (1) objecting to the settlement, (2) setting forth the specific reasons for the objection, including any legal or evidentiary support for the objection, (3) stating whether the Class Member intends to appear and object to the settlement at the Final Approval Hearing, and (4) containing the Class Member's name, address, and telephone number. The Class Member must sign and date the objection. If you do not comply with these requirements, you *waive your right to object* to the settlement and/or appear at the Settlement Fairness Hearing.

Persons who intend to object and desire to present evidence at the Settlement Fairness Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing. Such persons may be heard orally at the discretion of the Court.

You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Fairness Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court. The Settlement Fairness Hearing may be adjourned by the Court without further written notice to the Class. Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement.

| **8.  Do I have a lawyer in this case?** |
| --- |

Plaintiffs and the Class Members class are represented by Andrew Biller, Andrew Kimble, and Riley Kane of Biller & Kimble, LLC. They can be contacted at:

Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
settlement@billerkimble.com
(513) 202-0710

| **9. How will the lawyers be paid? How will costs be paid?** |
| --- |

Class Counsel has prosecuted this lawsuit since November 22, 2019, and has not received payment of any attorney's fees or expenses incurred in representing the Class. Per Class Counsel's representation agreement with Mr. Waters and under the terms of the Settlement Agreement, Class Counsel has asked that the Court award them 1/3 of the Settlement Fund allocated to Class Members ($500,000) in attorney's fees plus all advanced legal expenses. Finally, Class Counsel will seek a service and incentive award of up to $10,000 for Mr. Waters, for his service as class representative. These amounts will be deducted from and paid out of the Settlement Fund. The Court has preliminarily approved these attorneys' fee, cost, and service award amounts.

| **10. When and where will the Court decide whether to approve the Settlement?** |
| --- |

The Court will determine whether to approve this Settlement. To do so, the Court will conduct a Settlement Fairness Hearing on _____ at the Walter H. Rice Federal Building, Courtroom 910, 200 W. Second Street, Dayton, Ohio 45402, before the Honorable Judge Thomas M. Rose. Although you may attend this hearing, you do *not* need to attend this hearing in order to participate in the Settlement. At the hearing, the Court will determine:

(a) Whether the proposed settlement is fair, reasonable, and adequate;
(b) Whether the lawsuit should be dismissed with prejudice;
(c) Whether Class Counsel's request for an award of attorney's fees and expenses should be finally approved; and
(d) Any other relief that the Court deems necessary.

The Court may approve the Settlement and/or any other related matter at or after the Settlement Fairness Hearing without further notice to Class Members.

\*\*\*

**Please Direct Any Questions Regarding this Notice to the Claims Administrator or Class Counsel:**

| [fill] | **Class Counsel**<br>Biller & Kimble, LLC<br>8044 Montgomery Road |
| --- | --- |

|  | Suite 515 Cincinnati, OH 45236 (513) 202-0710 settlement@billerkimble.com |
|---|---|

**11. Please keep your address current.**

If you do not Opt Out, you will be mailed a check for your portion of the Settlement Fund. For that reason, it is important that you keep your mailing address current. If your mailing address changes, please inform the Claims Administrator or Class Counsel.