IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | |
|---|---|
| Kirk Waters, | |
| *On behalf of himself and those similarly situated*, | Case No. 3:19-cv-372 |
| Plaintiffs, | Judge Thomas Rose |
| v. | |
| Pizza to You, L.L.C., *et al.*, | |
| Defendants. | |

PLAINTIFF'S UNOPPOSED MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff Kirk Waters asks the Court to grant final approval to the settlement between himself, the FLSA collective, and the Rule 23 class (collectively, "Plaintiffs") and Defendants Pizza to You, L.L.C., Pizza to You 2, L.L.C., Pizza to You 3, L.L.C., Pizza to You 4, LLC, Pizza to You 5, LLC, PRM Management LLC, Peter Marrocco, and Rosemary Marrocco (collectively, "Defendants"). The Settlement Agreement (Doc. 72-1) was preliminarily approved on February 9, 2022. Doc. 73. The notice period has concluded, and no class member objected. Defendants do not oppose this motion. Plaintiffs ask that the Court:

(1) Grant final approval to the proposed settlement.

(2) Grant final approval to the service award for the Plaintiff.

(3) Grant final approval to Class Counsel's request for attorneys' fees and costs.

(4) Dismiss this case with prejudice.

The arguments in support of Plaintiff's Motion are more fully set forth in the attached memorandum.

Respectfully submitted,

_/s/ Riley Kane_
Andrew R. Biller (Ohio Bar No. 0081452)
Andrew P. Kimble (Ohio Bar No. 0093172)
Riley E. Kane (Ohio Bar No. 0100141)
BILLER & KIMBLE, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
_abiller@billerkimble.com_
_akimble@billerkimble.com_
_rkane@billerkimble.com_

www.billerkimble.com

_Counsel for Plaintiff, the FLSA Collective, and the Rule 23 Class_

---

Memorandum in Support of Plaintiff's Unopposed Motion for Final
Settlement Approval

---

## 1. Introduction and Background

Plaintiff Kirk Waters, on behalf of himself, the FLSA collective action members, and the Rule 23 class members (collectively, "Plaintiffs"), and Defendants Pizza to You, L.L.C., Pizza to You 2, L.L.C., Pizza to You 3, L.L.C., Pizza to You 4, LLC, Pizza to You 5, LLC, PRM Management LLC, Peter Marrocco, and Rosemary Marrocco (collectively, "Defendants") have reached a Settlement Agreement (Doc. 72-1).

On February 7, 2022, Plaintiff filed his Motion for Preliminary Approval, which detailed the claims, litigation, discovery, and negotiations in this case that resulted in this settlement and summarized its terms. Doc. 72 at PageID 852–54.

The proposed Settlement Agreement was preliminarily approved on February 9, 2022. Doc. 73.

On March 9, 2022, the Notice of Settlement was mailed to the 180 class members and emailed to 120 class members with email addresses on record. Declaration of Bryn Bridley at ¶ 6 (attached as Exhibit 1). On May 9, 2022, the notice period concluded. *Id.* at ¶ 10. During the notice period, notices that were returned in the mail as undeliverable were traced in an to attempt to locate a new address for the class member. *Id.* at ¶ 7. Of the email notices, 22 bounced as undeliverable and 98 were delivered. *Id.* at ¶ 8. In total, 175 class members or 97.22% of the settlement class received at least one form of Notice of the proposed Settlement. *Id.* at ¶ 9. No class member has

requested to be excluded from the proposed settlement. *Id.* at ¶ 10. No class member has objected to the proposed settlement. *Id.* at ¶ 11.

Plaintiff now asks the Court to grant final approval to the Parties' Settlement Agreement. Defendants do not oppose this motion.

## 2. Standard for Settlement Approval

Courts typically use a three-step procedure for approving class-wide settlements. *Merkner v. AK Steel Corp.*, No. 1:09-cv-423, 2011 U.S. Dist. LEXIS 157375, at *1 (S.D. Ohio Jan. 10, 2011). First, the Court determines whether to preliminarily approve the settlement. *Id.* Second, notice of the settlement is sent to interested persons. *Id.* And third, the Court must decide whether to finalize approval after holding a hearing. *Id.*

In evaluating an FLSA settlement, the Court's role "is comparable to that of a court in a settlement of a class action…" *Kritzer v. Safelite Sols., LLC*, 2012 WL 1945144, 2012 U.S. Dist. LEXIS 74994, at *5 (S.D. Ohio May 30, 2012). However, the Court has a more important role in FLSA cases because of the statute's mixed public and private nature. *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1234–35 (M.D. Fla. 2010); *see also Tony & Susan Alamo Found. v. Secy. of Labor*, 471 U.S. 290, 302 (1985). For that reason, the FLSA's "provisions are mandatory and, except as otherwise provided by statute, are generally not subject to being waived, bargained, or modified by contract or by settlement. *Kritzer*, 2012 U.S. Dist. LEXIS 74994, at *17 (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697 (1945)). However, "[o]ne of the exceptions allowing FLSA claims to be compromised is when a court reviews and approves a settlement agreement in a private action for back wages." *Id.* (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982)).

The Court must ensure that the settlement is (1) the product of a bona fide dispute, (2) fair, reasonable, and adequate, and (3) reached through arms-length negotiation. *Id.* at \*19–27. In his Motion for Preliminary Approval, Plaintiff addressed these factors. Doc. 72 at PageID 855–59. In its Order Granting Preliminary Approval, the Court found that "The proposed settlement's fairness, reasonableness, and adequacy is further supported by the relevant factors identified by the Sixth Circuit," which are (1) the complexity, expense, and likely duration of the litigation; (2) the stage of the proceedings and amount of discovery completed; (3) the judgment of experienced trial counsel; (4) the nature of the negotiations; (5) public interest; and (6) class member objections. Doc. 73 at Page ID 910–11. The Court concluded "All factors relevant at this stage favor approval" noting that only the sixth factor was not yet ripe for consideration. *Id.* at Page ID 911. Nothing that has happened since that should alter the Court's conclusion regarding the first five factors.

The sixth factor, class member objections, is now ripe for evaluation. There were none. Ex. 1 at p. 3. Therefore, this factor lends further support to settlement approval.

Plaintiff asks the Court, now having been able to consider all relevant factors, to conclude that all factors favor approval of the settlement.

3. **The proposed attorneys' fee award and request for reimbursement of advanced litigation expenses and the administration expenses are reasonable and should be approved.**

In Plaintiff's Motion for Preliminary approval, Class Counsel applied for an award of one-third of the settlement fund as attorneys' fees ($500,000.00). Doc. 72 at PageID 859–60. In its Order Granting Preliminary Approval, the Court recognized the requested attorney's fees as reasonable, adopted the percentage-of-the-fund method because this is a lump sum settlement, and

preliminarily approved Plaintiff's requested attorney's fees. Doc. 73 at PageID 912–13. Now, following class members' opportunity to object and with a full record of Class Counsel's expenses available, the Court can consider final approval of Plaintiff's requested attorney's fees and costs.

### 3.1. Attorney's Fees

 Courts also analyze the six *Ramey* factors to ensure the attorneys' fee award is reasonable: (1) the value of the benefits rendered to the class; (2) society's stake in rewarding attorneys who produce such benefits in order to maintain an incentive to others; (3) whether the services were undertaken on a contingent fee basis; (4) the value of the services on an hourly basis (the lodestar cross-check); (5) the complexity of the litigation; and (6) the professional skill and standing of counsel on both sides. *Arledge v. Domino's Pizza, Inc.*, No. 3:16-cv-386, 2018 WL 5023950, 2018 U.S. Dist. LEXIS 179474, at *11 (S.D. Ohio Oct. 17, 2018). There is not a formula for weighing the factors. *See NorCal Tea Party Patriots v. Internal Revenue Serv.*, 2018 WL 3957364, 2018 U.S. Dist. LEXIS 139769, at *7 (S.D. Ohio Aug. 17, 2018). Moreover, "the Court should be mindful that each case presents a unique set of circumstances and arrives at a unique settlement, and thus different factors could predominate depending on the case." *In re Cardinal Health Inc. Sec. Litigs.*, 528 F. Supp. 2d 752, 764 (S.D. Ohio 2007). Here, each of these factors weighs in favor of granting the requested fee.

First, the settlement results in a substantial benefit to the class. As described in Plaintiff's Motion for Preliminary Approval, this is a case that might well result in a worse outcome for Plaintiffs if litigation continued. Doc. 72 at PageID 855–858. This is for a variety of reasons, including the factual and legal issues in the litigation itself and the likelihood of collecting a judgment.

As it stands, the total settlement is approximately 180%[1] of unpaid wages before attorney's fees and costs, as calculated by Plaintiffs (which Defendants dispute as an accurate reflection of the potential unpaid wages, if any). *Id.* at PageID 856. Even after subtracting the requested attorney's fees and costs, the class members are still set to receive approximately 117%[2] of their unpaid wages. This is a tremendous result. *See, e.g.*, *Mars Steel Corp. v. Cont'l Ill. Nat'l Bank & Trust*, 834 F.2d 677, 682 (7th Cir. 1987) (finding settlement of 10% of the total amount sought is adequate due to risks and costs of trial); *Viceral v. Mistras Group, Inc.*, 2016 WL 5907869, 2016 U.S. Dist. LEXIS 140759, *21 (N.D. Cal. Oct. 11, 2016) (in class action for owed wages, settlement payment equal to 11.6% and 5.2% of estimated value of state and federal claims is fair and reasonable in light of strength and variability of claims and risks on merits); *Dillworth v. Case Farms Processing Inc.*, 2010 WL 776933, 2010 U.S. Dist. LEXIS 20446, *20 (N.D. Ohio Mar. 8, 2010) (finding recovery of one-third of owed wages for class members, before deducting attorney's fees and costs, is "well above… average."). This factor supports the requested fee award.

Second, there is a benefit to society in ensuring that claimants with smaller claims may pool their claims and resources, and "the societal benefit is particularly acute in wage and hour cases brought on behalf of minimum wage workers. *Arp v. Hohla & Wyss Enters., LLP*, No. 3:18-cv-119, 2020 WL 6498956, 2020 U.S. Dist. LEXIS 207512, at *17–18 (S.D. Ohio Nov. 5, 2020). "The attorneys who take on class action cases enable this." *Id.*, *citing Moore v. Aerotek, Inc.*, 2017 WL 2838148, 2017 U.S. Dist. LEXIS 102621, *26–27 (S.D. Ohio June 30, 2017). Society has a stake in rewarding attorneys who achieve a result that the individual class members probably could not obtain on their own. *Id.* This factor supports the requested fee award.

---

[1] $1,500,000 ÷ $829,000 = 1.8094. Plaintiff calculated total unpaid wages at $829,000. *See* Doc. 72 at PageID 856.
[2] $1,500,000 − ($500,000 + $9,423 + $13,712) = $976,865; $976,865 ÷ $829,000 = 1.17837.

Third, class counsel's services were provided on a contingency fee basis. *See* Ex. 2 at ¶ 12. This factor supports the requested fee award.

Fourth, while a lodestar cross-check is not required,[3] it too supports the requested attorneys' fees award. Class Counsel worked a total of 355.7 hours on this case thus far, for a total lodestar of $132,038. Class Counsel's hours and rates are listed in the below chart, taken from Class Counsel's contemporaneous time records:[4]

| Timekeeper | Rate | Hours | Lodestar |
|---|---|---|---|
| Andrew Biller | $600 | 31 | $18,600 |
| Andrew Kimble | $550 | 57.5 | $31,625 |
| Erica Blankenship | $350 | .2 | $70 |
| Riley Kane | $250 | 60 | $15,000 |
| Philip Krzeski | $350 | 21.2 | $7,420 |
| Nathan Spencer | $350 | 159.7 | $55,895 |
| BK Law Clerk | $85 | 7.5 | $637.50 |
| BK Paralegal | $150 | 18.6 | $2,790 |
| | | | |
| **Totals** | | **355.7** | **$132,038** |

If it would assist the Court, Class Counsel can make their time records available for the Court's review. Given the voluminous nature of those records, length of litigation, number of docket entries evidencing substantial work, and time it would take to compile and review those records, Class Counsel suggest that such a detailed review is not necessary here. "In determining fee awards, courts should not 'become green-eyeshade accountants[,]' but instead must content

---

[3] *Arp*, 2020 WL 6498956, 2020 U.S. Dist. LEXIS 207512, at *18.
[4] The rates reflected herein are current rates rather than the historical, lower rates, that might have applied had Plaintiffs sought a fee award at the start of the litigation in 2019. *See, e.g., Barnes v. City of Cincinnati*, 401 F.3d 729, 745 (6th Cir. 2005) (approving the use of current rather than historical rates). That said, the rates for Biller & Kimble's attorneys have been recently approved by other courts (*Hawkins v. Middle Tenn. Pizza*, No. 3:21-cv-00266, 2022 U.S. Dist. LEXIS 21838 (M.D. Tenn. Jan. 19, 2022)) and this Court (*Arp*, 2020 WL 6498956, 2020 U.S. Dist. LEXIS 207512, at *19).

themselves with 'rough justice[.]" *Rembert v. A Plus Home Health Care Agency LLC*, 986 F.3d 613, 618 (6th Cir. 2021).

Class Counsel's hourly rates have been approved as reasonable in numerous cases. *Estate of McConnell v. EUBA Corp.*, No. 3:18-cv-00355, 2021 WL 1966062, 2021 U.S. Dist. LEXIS 92836, at *19 (S.D. Ohio May 17, 2021) (approving hourly rates for Andy Biller at $600 per hour; Andrew Kimble at $550 per hour; Phil Krzeski at $350 per hour; and Erica Blankenship for $350 per hour); *Brandenburg*, 2019 WL 6310376, 2019 U.S. Dist. LEXIS 204371, at *17; *Arp*, 2020 WL 6498956, 2020 U.S. Dist. LEXIS 207512, at *19. A Court in the Southern District of Ohio has not yet evaluated Riley Kane's hourly rate, but he has developed a specialization in this area of law and, relative to his overall experience, expertise that justifies his rate. *See Hawkins v. Middle Tenn. Pizza*, No. 3:21-cv-00266, 2022 U.S. Dist. LEXIS 21838 (M.D. Tenn. Jan. 19, 2022) (granting request for attorney's fees with a $250 per hour rate for Riley Kane).

Class Counsel's work will continue after final approval. "Class Counsel frequently spend additional time, sometimes significant time, dealing with class members' inquiries, administration issues, and other post-approval matters." *McConnell*, 2021 WL 1966062, 2021 U.S. Dist. LEXIS 92836, at *19. This further supports a lodestar cross-check in this case.

In addition to the hours Class Counsel has worked on this pizza delivery driver case, Biller & Kimble, LLC has worked many thousands of hours on pizza delivery driver cases throughout the country. Class Counsel has "established an expertise in 'pizza delivery driver' litigation, having expended thousands of hours on similar cases which informed and enhanced their representation of Plaintiff here." *Mullins v. S. Ohio Pizza, Inc.*, No. 1:17-cv-426, 2019 WL 275711, 2019 U.S. Dist. LEXIS 11019, at *14 (S.D. Ohio Jan. 17, 2019); *see also Brandenburg*, 2019 WL 6310376,

2019 U.S. Dist. LEXIS 204371, at *6 (discussing Biller & Kimble's expertise in this area). These hours "directly benefited the class in this case." *Arp*, 2020 WL 6498956, 2020 U.S. Dist. LEXIS 207512, at 20. "A firm's expertise in a niche area provides important context when analyzing the reasonableness of a fees." *Id.* at *21. "It would be inequitable for a court to reduce a fee award based on a lodestar cross-check without considering a law firm's work other cases raising the same or similar issues." *Id.* Here, Class Counsel's expertise in this niche area enhanced their representation here.

The lodestar multiplier in this case is 3.79. This is well within the range of a reasonable fee award for this type of case. *See, e.g.*, *Arp*, 2020 WL 6498956, 2020 U.S. Dist. LEXIS 207512, at *19 (approving lodestar multiplier of 5.29); *Lowther v. AK Steel Corp.*, 2012 WL 6676131, 2012 U.S. Dist. LEXIS 181476, at *5 (S.D. Ohio Dec. 21, 2012) (citing cases that found multipliers ranging from 4.3 to 8.5 to be reasonable). "[G]iven the nature of a contingent fee, a multiplier is generally necessary to attract competent counsel to take on the risk and expense of representing workers who are unable to afford representation on an hourly basis." *McConnell*, 2021 WL 1966062, 2021 U.S. Dist. LEXIS 92836, at *20. "This is particularly true in wage cases like this one, which are inherently complex, difficult, and expensive to litigate." *Id.*

Fifth, wage and hour class/collective actions are "inherently complex." *Arledge,* 2018 WL 5023950, 2018 U.S. Dist. LEXIS 179474, at *5. This factor supports approval of the requested fee award. This case involved novel and complex issues of law that have been hotly contested throughout the country. This factor supports the requested fee award.

Sixth, both the class and Defendants are represented by skilled and experienced counsel. As noted above, Class Counsel has substantial experience in pizza delivery driver litigation.

Michael Sandner, of Pickrel, Schaeffer, and Ebeling, also has expertise in wage and hour litigation, having represented numerous employers. This factor supports the requested fee award.

Based on the Court's preliminary approval of Plaintiff's fees and because all the *Ramey* factors support the requested fee award, Plaintiff requests the Court to grant final approval to class counsel's request for one-third of the settlement fund in attorneys' fees.

### 3.2. Reimbursement for advanced litigation expenses should be approved.

Class Counsel also seeks reimbursement of advanced litigation expenses and administration costs. In this case, Class Counsel has incurred a total of $9,423.00 in litigation costs and expenses, all of which Class Counsel advanced. *See* Declaration of Riley Kane (attached as Exhibit 2). The expenses are detailed and itemized in Attorney Kane's declaration and include service, deposition, mediation costs. *See id.* Plaintiff asks the court to approve reimbursement of these expenses.

### 3.3. Payment of administration expenses should be approved.

In addition to the amount of litigation expenses, Class Counsel also asks that the Court award the costs related to administering the settlement and sending notice to the class members. This amount is $13,712. Ex. 1 at ¶ 12. This amount is reasonable, especially given that the settlement will be distributed in two disbursements and will remain open until 2024. Plaintiff asks the court to approve this payment for settlement administration.

### 4. The incentive service award should be approved.

In its Order Granting Preliminary Settlement Approval the Court preliminary approved Named Plaintiff Kirk Waters' requested $10,000 incentive service award "subject to objection by Class Members." Doc. 73 at PageID 913. Following the distribution of notice, there have been no

objections whatsoever. Ex. 1 at ¶ 10. As a result, the Court should grant final approval to the incentive service award.

**5. Conclusion**

Plaintiff asks the Court to enter an Order: (1) granting final approval to the proposed settlement; (2) granting final approval to the service award for the Plaintiff; (3) granting final approval to Class Counsel's request for attorneys' fees and costs; (4) Dismissing this case with prejudice.

Respectfully submitted,

/s/ *Riley Kane*
Andrew R. Biller (Ohio Bar No. 0081452)
Andrew P. Kimble (Ohio Bar No. 0093172)
Riley E. Kane (Ohio Bar No. 0100141)
Biller & Kimble, LLC
8044 Montgomery Road, Suite 515
Cincinnati, OH 45236
Telephone: (513) 715-8711
Facsimile: (614) 340-4620
*abiller@billerkimble.com*
*akimble@billerkimble.com*
*rkane@billerkimble.com*

www.billerkimble.com

*Counsel for Plaintiff, the FLSA Collective, and the Rule 23 Class*

10

**Certificate of Service**

I hereby certify that a copy of the foregoing was filed electronically on June 23, 2022. Notice of this filing will be sent to all Parties by operation of the Court's electronic filing system.

/s/ *Riley Kane*
Riley E. Kane